# EXHIBIT J



Joshua A. Ney
josh@knlawgroup.com
Direct Dial: (785) 414-9065

Page 1 of 3

July 8, 2021

**VIA EMAIL**
Geary County Schools USD 475
c/o Dr. Reginald Eggleston, Superintendent
ReginaldEggleston@usd475.org

> RE: *Ricard Employee Discipline Matter; Request for Religious Accommodation and Notice of Claims*

Dear Dr. Eggleston:

    I represent Pamela Ricard in her ongoing grievance filed pursuant to the Negotiated Agreement between Geary County Schools USD 475 and Junction City Education Association. I also represent her with regard to any potential litigation that may be necessary to protect her constitutional, statutory, and contractual rights. This letter is provided immediately prior to mediation to memorialize Ms. Ricard's request for a religious accommodation regarding any school policy that requires a teacher or school employee to actively state or otherwise use a student's or any other person's preferred pronouns or other gendered language when different from the student's or person's biological sex. This letter also provides notice of Ms. Ricard's concern that any such policy also constitutes compelled speech by a governmental entity in violation of her right to free speech under the federal and state constitutions, as well as other concerns and potential claims related to due process and other rights.

    Ms. Ricard is a Christian and holds sincere religious beliefs consistent with the traditional Christian and biblical understanding of the human person and biological sex. Ms. Ricard believes that God created human beings as either male or female, that this sex is fixed in each person from the moment of conception, and that it cannot be changed, regardless of an individual person's feelings, desires, or preferences. Any policy that requires Ms. Ricard to refer to a student by a gendered, non-binary, or plural pronoun (e.g. he/him, she/her, they/them, zhe/zher, etc.) or salutation (Mr., Miss, Ms.) or other gendered language that is different from the student's biological sex actively violates Ms. Ricard's religious beliefs.

    Ms. Ricard's basis for a religious accommodation is grounded in her constitutional and statutory rights under the First Amendment of the United States Constitution, Title VII of the federal Civil Rights Act of 1964, Section 7 of the Kansas Bill of Rights, the Kansas Acts Against Discrimination (K.S.A. 44-1001 et seq.), the Kansas Preservation of Religious Freedom Act (K.S.A. 60-5302 et seq.), and other applicable federal and state laws and regulations.

    The school's suspension and disciplinary action against Ms. Ricard was based on an ad hoc and still-evolving gender preference school directive for which very little training, notice, or

even consistent application was provided. No option for informal counseling or even clarification regarding the manner in which religious, philosophical, educational, or other objections to the policy could be raised by teachers or other employees was provided to Ms. Ricard prior to the school taking disciplinary action.

The issue of the treatment of gender preferences within governmental and employment contexts is obviously a novel and rapidly developing area of law. As more government agencies and other employers seek to adopt policies or informal directives that instruct employees in how to address clients, students, colleagues, coworkers and other persons in the context of biological sex and gender preferences, more individual claims regarding religious freedom, compelled speech, and other legal protections are being litigated in court. I have attached a recent decision from the Sixth Circuit in *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021) for your reference.

We are fully prepared to litigate these issues in court if a reasonable solution to the current matter cannot be found. To this end, Ms. Ricard respectfully requests the school do the following short of litigation:

- remove from Ms. Ricard's permanent employee file all documents and references to the three-day suspension and other adverse employee disciplinary actions imposed by the school against Ms. Ricard regarding the April 2021 student gender preference issue;

-request that the elected school board review any current, ongoing, permanent, or proposed gender identity and gender expression policy(ies) ("Gender Expression Policy"), with public input, during upcoming open meeting(s);

-request that as part of the board's review, the board incorporate within any Gender Expression Policy a process for reasonable accommodations to be made for employees with religious, philosophical, pedagogical, or other objections to the mandated use of gendered language inconsistent with a person's biological sex;

-provide opportunity for Ms. Ricard and other school employees to provide input regarding any Gender Expression Policy prior to adoption by the school board;

-due to the now widespread public knowledge of Ms. Ricard's suspension and the long-term immutable damage to her reputation, issue an apology letter to Ms. Ricard acknowledging the rescission of all employee disciplinary action regarding this matter.

Page 3 of 3

Ms. Ricard and I look forward to a good faith attempt at achieving a reasonable resolution to the current employee discipline and grievance matter during mediation.

Very Truly Yours,

/s/

Joshua A. Ney
Kriegshauser Ney LLC

Copied:     Mark Edwards, Hoover Law Firm