# EXHIBIT O

## STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**DEREK SCHMIDT**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

August 27, 2021

Linda Brungardt
3509 Cedar Ln.
Milford, KS  66514

RE:  KOMA Complaint – USD 475 Board of Education
     Our File Number CV-21-001285

Dear Ms. Brungardt:

Enclosed please find a copy of the letter we sent to the Mark Edwards, the attorney for the USD 475 Board of Education. This letter concerns our findings following an investigation of your KOMA complaint. We determined that the board violated the KOMA when it failed to hold a public vote to approve the consensus decision it reached in executive session on August 4, 2021, resolving a Level 5 grievance. This violation occurred in large part due to a mistake by the board. It believed it was acting in good faith to accommodate the requirements of its negotiated agreement with the Junction City Education Association to issue a written decision on a Level 5 grievance to protect the grievant's privacy interests. However, the requirements of a negotiated agreement, while important, do not outweigh the public policy interests set forth in the KOMA related to transparency in government actions.

For the reasons set forth in our letter to the board, we determined that formal enforcement action was not warranted at this time. However, we have requested that the board take remedial action, including a public vote to ratify its consensus on August 4, 2021, and the grievance decision letter dated August 11, 2021. This violation will also be reported in our Annual Report.[1]

Our investigation is now complete. Although we will continue to monitor this matter to ensure the board complies with our request for remedial action, we now consider your complaint closed.

---

[1] See K.S.A. 75-753(b).

Letter to Linda Brungardt
August 27, 2021
Page 2

Thank you for bringing this matter to our attention. It is important for the public to help this office ensure that public bodies comply with the public policy set out in the KOMA "that meetings for the conduct of government affairs and the transaction of governmental business be open to the public."2

For further information on open government, please feel free to visit our website, which is located here: https://ag.ks.gov/open-government/resources. Our website contains helpful resources, including training slides explaining how the KOMA works and answers to some frequently asked questions.

Thank you for contacting the Attorney General's Office.

Sincerely,

OFFICE OF KANSAS ATTORNEY GENERAL
DEREK SCHMIDT

Lisa A. Mendoza
Assistant Attorney General
Director, Open Government Enforcement Unit

Enclosure

cc:   Mark Edwards
      Hoover Law Firm
      811 North Washington Street
      Junction City, KS  66441

---

K.S.A. 75-4317(a).



# STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**DEREK SCHMIDT**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

August 27, 2021

Sent via email to edwards@hooverlawfirm.com
A hard copy of this letter will *not* follow

Mark Edwards
Hoover Law Firm
811 North Washington Street
Junction City, KS 66441

RE:  KOMA Complaint – USD 475 Board of Education
     Our File Number CV-21-001285

Dear Mr. Edwards:

On August 18, 2021, we received a complaint from Linda Brungardt alleging that the USD 475 Board of Education violated the Kansas Open Meetings Act (KOMA).[1] Specifically, she alleged that on August 4, 2021, after an executive session to discuss a Level Five employee grievance, the board returned to open meeting and then adjourned.[2] Ms. Brungardt further alleged that on August 13, 2021, the board mailed the grievance decision to all the involved parties, but never voted in an open meeting to approve its decision on the grievance. As a remedy, she requested that this office take action to void the board's grievance decision.

This office has jurisdiction to review complaints filed pursuant to the KOMA and to take action to enforce its provisions.[3]

There is a very short window for taking action to void a decision made by a public body. The KOMA provides that "any action which is taken at a meeting not in substantial compliance with the provisions [of the KOMA] shall be voidable in any action brought by the attorney general . . . in the district court of the county in which the meeting was held within 21 days of the meeting. . . ."

With this in mind, we carefully reviewed Ms. Brungardt's complaint and supporting documents. We also consulted with you concerning the board's actions. You related that on August 4, 2021, the board held a special meeting. The purpose of the special meeting was to

---

[1] K.S.A. 75-4317 et seq.
[2] It appears Ms. Brungardt acted as the employee's union representative during the grievance hearing.
[3] See K.S.A. 75-4320(a), 75-4320a(a), 75-4320b, 75-4320d, and 75-4320f.

hold an executive session to discuss nonelected personnel; the subject to be discussed was a Level 5 grievance.[4] The board held the grievance hearing during its executive session.

After the grievance hearing, but while still in executive session, the board reached a consensus on action to resolve the grievance and returned to its open meeting. The board then adjourned without taking a public vote to implement its consensus. You advised this was due to you being directed to draft a written decision for review by the board's vice president. You provided the draft to the vice president, who apparently made some changes, then finalized and issued the board's decision. The board never held a public vote to approve its consensus decision on the employee grievance or the issuance of the grievance decision letter.

The purpose of the KOMA is to ensure that a public body holds its meetings, discusses its business, and takes binding action in the open after providing notice of its meetings to those who have requested notice. It also establishes rules that permit certain matters to be discussed in a closed or executive session.[5] The purpose of the KOMA is defeated if public bodies take binding action while in executive session.

A public body may reach a "consensus" or general agreement on a matter requiring binding action during an executive session. However, "[N]o binding action shall be taken during closed or executive recesses, and such recesses shall not be used as a subterfuge to defeat the purposes of this act."[6] Under the KOMA, a public body must take formal action to issue a binding decision by a vote of the majority of its members in a public meeting.[7] There is no exception to this requirement. Taking binding action means voting publicly to approve or deny a particular request.[8] A consensus reached during an executive session may constitute binding action in violation of the KOMA if a public body fails to return to its open meeting to take a formal public vote on a decision that would normally require a vote by the public body.[9]

Here, after its executive session, the board resumed then immediately adjourned its public meeting. Because you were directed to draft a letter outlining the board's decision on the grievance, the board did not vote on its consensus to uphold the superintendent's decision. It also did not take any action to implement its consensus decision until the board vice president issued a letter dated August 11, 2021, setting out the decision of the board to uphold the

---

[4] The board and the Junction City Education Association have entered into a negotiated agreement; this agreement establishes a grievance process. Under the established grievance process, when resolving a Level Five grievance the board must communicate its decision in writing to the grievant within ten days; it must also give the reasons for the final decision. This provision was negotiated in part to protect the privacy of the employee and to avoid public discussions of grievance matters. The grievant in this matter is a member of this bargaining unit. As mentioned above, the complainant represented the grievant in the grievance process.
[5] See K.S.A. 75-4319.
[6] K.S.A. 75-4319(c).
[7] K.S.A. 75-4318(a) and 75-4319(c). See also Attorney General Opinion 93-55, https://ksag.washburnlaw.edu/opinions/1993/1993-055.htm, accessed August 26, 2021.
[8] Attorney General Opinion 84-50, https://ksag.washburnlaw.edu/opinions/1984/1984-050.pdf, accessed August 26, 2021.
[9] *City of Topeka v. Watertower Place Development Group*, 15 Kan.App.2d 52, 805 P.2d 40, 65 Ed. Law Rep. 895 (1990).

superintendent's decision. You were forthright in admitting that the board did not hold a public vote to implement its consensus decision as expressed in its August 11, 2021, letter to the parties involved in grievance process. The board's failure to hold a public vote to implement its consensus decision as set out in its August 11, 2021, letter violated the KOMA.

Although we believe the board violated the KOMA by effectively taking binding action in executive session, our analysis does not end there. We must consider whether this is more than a technical violation of the KOMA.[10] "Technical violation" is a term of art adopted by courts in discussing KOMA violations. "Our courts will look to the spirit of the law, and will overlook mere technical violations where the public body has made a good faith effort to comply and is in substantial compliance with the KOMA, and where no one is prejudiced or the public right to know has not been effectively denied. [Citations omitted]."[11]

Here, it appears that the board reached a consensus in executive session and issued its decision without a public vote based in part on its reliance on the negotiated agreement with the Junction City Education Association. It also needed time to allow you to draft a decision letter and for the board vice president, who presided over the grievance hearing, to review and finalize the written decision as required by the negotiated agreement. Although the complainant filed this complaint, she did not directly address whether there was any prejudice arising from the consensus reached in executive session. However, under the KOMA, the harm is to the public, especially considering the state public policy that the transaction of governmental business be open to the public. While the public may not be entitled to know all the details leading to a decision on an employee grievance, the KOMA grants the public a right to know about the transaction of governmental business. This right was effectively denied when the board reached a consensus in executive session concerning the resolution of the employee grievance, then implemented its consensus by issuing a decision letter without a public vote.

In mitigation, we note that the board was acting to accommodate the requirements of a negotiated agreement and out of a desire to protect the grievant's privacy interests. There is no evidence that the board routinely takes binding action in executive session. Likewise, we have no evidence that the process the board used was meant as a subterfuge to avoid the transaction of business in the public eye. Finally, the board has been cooperative and very forthcoming in responding to our inquiry and has agreed to take remedial action at its next regular board meeting.

After considering the totality of the circumstances, we find that reaching a consensus and implementing that decision without a public vote impinges on the public right to know. Thus, we believe this is more than a technical violation of the KOMA. Because of this, remedial action is required.

The KOMA provides a broad range of remedies to help ensure that a public body does not ignore its provisions. Ultimately, our goal is to ensure compliance with the law. We note the

---

[10] See *Stevens v. City of Hutchinson*, 11 Kan.App.2d 290, 291, 726 P.2d 279 (1986).
[11] *Id.*

complainant requested that we void the board's August 11, 2021, decision resolving the Level 5 grievance. Voidance of a governmental action is a drastic remedy, and the threat of it very unsettling to the operation of government. We believe that it should be reserved for the most serious and intentional violations, such as where a public body deliberately acts to avoid the requirements of the KOMA. After due consideration of the facts here, we decline to pursue this remedy.

Although we decline to pursue the complainant's requested remedy, the board must take remedial action to correct its KOMA violation. Following discussions with this office, you have agreed that the board will hold a public vote to ratify its consensus decision as set out in its August 11, 2021, decision letter. You have advised that this vote will be held at the board's next meeting on September 7, 2021.

In addition to the board's public vote, we ask that you provide this office with a copy of the agenda and minutes following the meeting. We also ask you take any necessary steps to ensure that in the future the board takes all binding action by holding a public vote as required by the KOMA. Finally, we strongly encourage the board and its staff to participate in refresher training on the requirements of the KOMA.

Although we decline to take formal enforcement action to resolve this violation, it will be reported in our Annual Report.[12]

We look forward to receiving the board's agenda and meeting minutes reflecting its vote to ratify its consensus decision set out in the August 11, 2021, grievance decision letter. Once we receive the requested information, we will consider this matter closed.

We appreciate your continued cooperation as the board works to resolve this violation.

Please feel free to contact me with any questions or concerns at (785) 296-2215.

Sincerely,

OFFICE OF KANSAS ATTORNEY GENERAL
DEREK SCHMIDT

Lisa A. Mendoza
Assistant Attorney General
Director, Open Government Enforcement Unit

---

[12] See KS.A. 75-753(b) ("The attorney general shall compile . . . information relating to investigations of violations of the open records act and the open meetings act conducted by the office of the attorney general. The attorney general shall publish a yearly abstract of such information listing by name the public agencies which are the subject of such complaints or investigations.").